Mesidor PLLC
YOUR EQUITABLE ADVANTAGE

July 27, 2026

**VIA ECF**
Hon. Arun Subramanian
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Solano v. Velocity Holdings LLC, et al.*, Case No. 25-cv-09217-AS
Letter-Motion to Compel / Request for Informal Discovery Conference

Dear Judge Subramanian:

We represent Plaintiff Peter Solano in the above-referenced action. Plaintiff respectfully submits this letter-motion pursuant to the Court's Individual Practices governing discovery disputes. The parties met for a meet and confer on July 17, 2026, and Plaintiff's counsel now files this letter motion 10 days after the meet and confer. Plaintiff seeks an order: (1) compelling Defendants to serve complete amended responses to Plaintiff's First Set of Requests for Production and First Set of Interrogatories; (2) compelling the Defendants to produce all non-privileged responsive documents; (3) compelling the Defendants to schedule the depositions prior to the discovery deadline; and (4) releasing the requirement for the parties to participate in the court ordered mediation.

By way of procedural history, Defendants filed their Answer on January 20, 2026. Because this is a counseled employment discrimination action, the case was automatically referred to the Court's Mediation Program after the Answer was filed. As of February 4, 2026, the parties had not yet exchanged formal discovery and were coordinating mediation. On February 5, 2026, the Court entered the Civil Case Management Plan and Scheduling Order, which required first requests for production and Local Civil Rule 33.3(a) interrogatories to be served by April 1, 2026.

Plaintiff timely served discovery, by email, on March 20, 2026.

The mediation was first held on April 15, 2026. On that date, Defendants indicated that they were unable to make any offers and requested to adjourn the mediation with an agreement that the parties

would exchange certain discovery in advance of the next mediation date that could assist the parties with reaching a resolution. The mediation was adjourned to June 25, 2026.

On April 23, 2026, following the adjournment of the mediation, Plaintiff sent a request to Defendant to follow up on the outstanding discovery. Plaintiff also sent the Plaintiff's medical records and Plaintiff's signed HIPPAs on that date in accordance with the agreement reached on the date of the mediation. On June 5, 2026, Plaintiff sent another request for the outstanding discovery.

On June 23, 2026, Counsel for Defendant contacted counsel and the mediator to request an adjournment of the June 25 mediation. The parties met and conferred wherein Defendant's counsel explained the reason for the request for adjournment. Plaintiff agreed to the adjournment but noted that given approaching discovery deadlines, the outstanding discovery must be exchanged. The mediation was subsequently scheduled for July 29, 2026. On June 24, 2026, Plaintiff again requested that the discovery be produced within two weeks given the proximity of the mediation date to the discovery deadline. Plaintiff also moved forward with depositions and on July 8, 2026, Plaintiff served deposition notices.

Defendants served their responses and objections to Plaintiff's First Set of Requests for Production and First Set of Interrogatories on July 13, 2026. Plaintiff requested amended responses and complete supplemental production by Friday, July 17, 2026, and stated that Plaintiff was available to meet and confer on July 17, 2026 to promptly discuss the deficiencies.

The parties met and conferred on July 17, 2026 at 1:30 PM for approximately a half an hour. During the meet-and-confer, Defendants indicated that they would provide an updated production by July 27, 2026 that would address some of the deficiencies. Plaintiff advised that it intended to file a pre-motion letter with the Court if the production did not address the deficiencies. As of the filing of this letter-motion, there has been no further production. Plaintiff, therefore, understands the parties to be at an impasse and files this motion pursuant to the Court's rules governing discovery disputes. Also, Defendants have since advised that their clients do not believe any further mediation would be productive.

There remain several categories of unresolved discovery. As an initial matter, Defendants stated they were "still in the process of searching" and would supplement "if and when" documents were identified requests which concern discrimination and retaliation policies, reasonable accommodation policies, organizational charts, performance evaluations, accommodation communications, medical documentation, air-quality testing, Plaintiff's removal from the VCT-Internal email group, and insurance coverage. Defendants objected to requests concerning shared administrator accounts and access logs/system records, but did not identify responsive production. Defendants contend that the reason for Plaintiff's termination related to misconduct and Defendants referred Plaintiff to termination-related documents and documents concerning the July 19, 2024 termination call, but those documents do not include non-privileged internal

communications, notes, scripts, memoranda, or decision-making documents. Defendants also objected to comparator/personnel and vaping-policy enforcement materials sought without producing responsive documents. Defendants' production also appeared to omit basic emails, text messages, Teams or Slack messages, and other internal communications concerning accommodation requests, medical documentation, removal from the VCT-Internal distribution group, the alleged cybersecurity investigation, placement on leave, termination, and Defendants' asserted defenses. Plaintiff asked Defendants to confirm whether they searched reasonably accessible sources of ESI, including email accounts, text messages, Teams, Slack, mobile devices, and other messaging platforms, for custodians likely to possess responsive communications. Defendants' interrogatory responses are also deficient. Defendants identified only one individual in response to individuals with knowledge regarding Plaintiff's leave, termination, and the cybersecurity investigation despite the fact that another individual contacted Plaintiff by telephone on July 19, 2024, to inform him that his position was being eliminated.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and compel Defendants to provide complete supplemental discovery responses and production, compel the Defendants to schedule the depositions, and release the requirement for the parties to participate in the court ordered mediation. Plaintiff also requests leave to file a motion to compel or request that the Court schedule a conference.

We thank the Court for its time and consideration.

Respectfully submitted,

/S/
Alexandria Jean-Pierre

Plaintiff's letter-motion is GRANTED IN PART. The Court releases the requirement for the parties to participate in the court-ordered mediation. As to the other requests, plaintiff may renew them if they remain following a meet-and-confer among Lead Trial Counsel, which the parties shall conduct within the next seven days. To the plaintiff, lead trial counsel means lead trial counsel. And to the defendants, good faith means good faith. Defendants' objections to Interrogatory No. 10, for instance, are not in good faith. That request includes the word "allegedly" precisely because the parties dispute whether plaintiff was verbally abused. The Court will be attuned to any unreasonable objections like this one, if they remain unresolved and plaintiff renews his objections.

Separately, defendants' extension request is GRANTED IN PART AND DENIED IN PART. The parties should meet and confer promptly and all responsive documents should be produced on or before September 1, 2026. All discovery to be completed by November 16, 2026. The summary-judgment deadline stays as is. The parties can work out any interim deadlines or raise any disputes with the Court.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 41 and 43.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: July 31, 2026

212-930-6010| WWW.MARJORIEMESIDOR.COM
30 STATION ROAD, SUITE 5, BELLPORT, NY 11713